IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES ANDRE BENTON,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV605-090

Warden GLENN RICH; Deputy Warden
R. D. COLLINS; Sergeant POTTER;
Sergeant HOBBY, and Officer OSBORN,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was formerly incarcerated at Rogers State Prison in Reidsville, Georgia, filed a 42 U.S.C. § 1983 action contesting the conditions of his confinement. Sergeant Hobby, R. D. Collins, Glenn Rich, and Officer Osborn ("Movants") filed Motions to Dismiss[1], which the Court has construed as Motions for Summary Judgment.[2] Plaintiff has responded. Movants filed a Reply. For the reasons which follow, the Motions should be **GRANTED**.

---

[1] Hobby (identified as "Hobley" in the Motion) and Collins filed a Motion to Dismiss, and Rich and Osborn each filed a Motion adopting the Motion filed by Hobby and Collins. Hobby and Collins also filed a Reply, which Rich adopted. Plaintiff filed one Response to these Motions.

[2] If a motion to dismiss for failure to state a claim upon which relief may be granted is filed pursuant to FED. R. CIV. P. 12(b)(6) and "matters outside the pleading are presented to and not excluded by the court", the "motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b). Plaintiff filed affidavits outside of the pleadings in this case, and the Court did not exclude these affidavits. (Doc. No. 10.)

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff, through counsel, asserts that he was choked, "kneed in his back, and [had] his head repeatedly slammed and pushed into the concrete floor by Defendants Osborn, Potter, and Hobby." (Compl., ¶ 6.) Plaintiff avers that Rich and Collins, who were the Warden and Deputy Warden at Rogers State Prison, knew of and condoned the assaults of inmates by officers at Rogers State Prison.

Movants contend that Plaintiff fails to state a claim under 18 U.S.C. §§ 2340, *et seq.*, and the Georgia Constitution. Movants also contend that Plaintiff failed to exhaust his administrative remedies.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

2

AO 72A
(Rev. 8/82)

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a

3

AO 72A
(Rev. 8/82)

prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Movants assert that Plaintiff filed a grievance on August 4, 2005, in which he alleged that he was subjected to the use of excessive force in June 2005. Movants contend that the incident was under investigation at the time Plaintiff filed the instant cause of action on August 16, 2005.

Plaintiff alleges that he tried to file a grievance, but "they" never answered. (Doc. No. 9, p. 1; Doc. No. 10, p. 3.) Plaintiff avers that he spoke to his mental health counselor and wrote a statement to the Georgia Bureau of Investigations. Plaintiff asserts that he fears for his life because it is "common knowledge that if he pursued filing of grievances that he would likely be beaten again." (Doc. No. 9, p. 2.) Plaintiff also asserts that he was "terrified of being beaten again if he filed a grievance and therefore was inhibited from filing a grievance." (Id.)

Movants allege that Plaintiff filed a grievance on August 4, 2005, regarding another allegation of excessive use of force which occurred on June 9, 2005, and that this is contrary to Plaintiff's assertion that he did not file a grievance regarding the June 6, 2005, incident because he feared reprisal. Movants aver that the Georgia Department of Corrections' policy provided that officials had 30 days in which to file a response to a grievance and that Plaintiff only allowed 12 days to elapse before he filed this Complaint.

4

Movants also aver that the Georgia Department of Corrections' policy allowed an inmate to file an emergency grievance if he felt threatened by another inmate or staff member. Movants declare that when an inmate filed an emergency grievance, necessary action was taken to protect the inmate, an investigation was conducted, and the inmate received a response within five days. Movants also declare that Plaintiff could have filed an out-of-time grievance once circumstances at Rogers State Prison changed due to an investigation at the facility, the termination of nine (9) employees, and the assignment of a new warden. Movants contend that the grievance form provided a space for an inmate to explain his tardiness in filing a grievance. (Doc. No. 11, pp. 3-4.)

Sarah Draper, the Manager of the Office of Investigations and Compliance with the Georgia Department of Corrections, provided affidavits in support of the Motions. In her affidavits, Draper states that an informal grievance was to be filed no later than ten (10) calendar days from the date the inmate knew, or should have known, of the facts giving rise to the grievance; a written response would be provided within ten (10) calendar days of receipt of the informal grievance. Formal grievance forms were to be filed within five (5) business days from the date the inmate received written resolution of an informal grievance. (Doc. No. 5, Att. A, ¶¶ 9-10.) The formal grievance process was to be completed within 30 calendar days from the date an inmate's counselor received the formal grievance. (Id. at ¶ 11.) Draper also states that Plaintiff filed a grievance on August 4, 2005, regarding an alleged incident which occurred on June 9, 2005, even though the event Plaintiff complains about in the present cause of action allegedly occurred on June 6, 2005. (Id. at 13.)

5

AO 72A
(Rev. 8/82)

A review of Plaintiff's "Inmate Grievance History" reveals that Plaintiff filed a grievance on August 4, 2005. (Doc. No. 11, Ex. 1, Att. 2.) Assuming without deciding that this grievance pertained to the events which allegedly occurred on June 6, 2005, Plaintiff did not wait a full 30 days to receive a response from the Warden before filing the instant cause of action. If this grievance details events which allegedly occurred on June 9, 2005, Plaintiff did not file a grievance at all concerning the alleged events of June 6, 2005. Plaintiff had the options of filing an out-of-time grievance and explaining his tardiness or filing an emergency grievance as available administrative remedies. It does not appear that Plaintiff exhausted his available administrative remedies pertaining to the alleged assault on June 6, 2005, prior to filing his Complaint.

It is unnecessary to address the remaining grounds of the Motions.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motions filed by Hobby, Collins, Rich, and Osborn (Doc. Nos. 3, 4, and 6) be **GRANTED**, and that Plaintiff's claims against Hobby, Collins, Rich, and Osborn be **dismissed**, without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies prior to filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this 12th day of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)